IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY COUNCIL, #210870, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-331-MEF |
| | ) | |
| DAVE SUTTON, *et al.*, | ) | (WO) |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

As stated by the Court in the hearing held at 9:00 a.m. on Friday, June 18, 2010 in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama, it is hereby ORDERED that:

1) **On or before June 25, 2010**, the plaintiff shall, pursuant to the provision of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.

2) **On or before June 25, 2010**, the plaintiff shall file with the court a list of all witnesses expected to be called by them to testify at the trial, and to furnish opposing counsel with a copy of the witness list.  The witness list should include the names of any witnesses required to be disclosed under SECTION 4 of the Uniform Scheduling Order (Doc. #47). Absent a showing of good cause for failure to comply with this requirement, only persons on the list will be heard as witnesses at trial.

Plaintiff is proceeding pro se and in forma pauperis.  If plaintiff desires to procure the attendance of witnesses by writ or subpoena, his witness list should contain the addresses of all witnesses (whether a subpoena is sought or not, inmate or civilian status) and a brief statement of the expected testimony of each witness, whether a subpoena is sought or not. The plaintiff should be specific in stating the expected testimony of each witness, because if a witness's testimony is not material or simply repetitive of another witness, the court may in its discretion decline to order the subpoena of the witness.  *See Lloyd v. McKendree*, 749 F.2d 705 (11th Cir. 1985).

Plaintiff should be aware that whether the witness is subpoenaed by a pauper or not, Rule 45(c) requires that a subpoena must be accompanied by a per diem fee ($40 per day), and a subsistence fee if overnight stay is required, and mileage at $.445 per mile each way, or it need not be obeyed.  The witness will be so informed by the subpoena.  It is the responsibility of the subpoenaing party to provide that money to the clerk's office for tender with the subpoena.  However, even if the plaintiff cannot tender the required fee, witnesses

still may be subpoenaed and may still attend if they agree to do so without payment of the per diem fee and reimbursement of expenses.  Each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under SECTION 4 of the Uniform Scheduling Order (Doc. #47).  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

    3) **On or before June 25, 2010**, the plaintiff shall file written objections to the defendants' exhibits and/or witness list.  Any evidence not objected to shall be deemed genuine and admissible.  The written objections shall set forth the grounds and legal authorities.  The defendants shall file a written response to the objections not later than seven days prior to trial and shall include a premarked copy of the evidence at issue.

    4) **On or before July 2, 2010**, the defendants shall file written objections to the plaintiff's exhibits and/or witness list.  Any evidence not objected to shall be deemed genuine and admissible.  The written objections shall set forth the grounds and legal authorities.  The plaintiff shall file a written response to the objections not later than seven days prior to trial and shall include a premarked copy of the evidence at issue.

5) The plaintiff and defendants may, but are not required to, file proposed findings of fact and conclusions of law.  Any proposed findings of fact and conclusions of law must be filed **on or before July 6, 2010**.

DONE this the 18th day of June, 2010.

                                                      /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE